Freeman, J.,
delivered the opinion of the Court.
We are asked by the counsel for the defendant to re-examine this case on a question not decided or submitted to the court upon the former hearing, owing to the absence of counsel.
It is conceded that the question was decided correctly in that opiuiou, on common law principles; but it is now insisted that the Code has changed the character of a leasehold, making it realty, and that the real property of the wife is- exempt from liability to be sold for the debts of the husband.
*219 Section 51 of the Code, provides as follows: — “ Teal estate/ ‘real property/ ‘land/ include lands, tenements, and hereditaments, and all rights thereto and interests therein, equitable as well as legal.”
Section 2481 of the Code is as follows: — “The interest of a husband in the real estate of his wile, acquired by her either before or after marriage, by gift, devise, descent, or in any other mode, shall not be sold or disposed of by virtue of any judgment,, decree, or execution, against him; nor shall the husband and wife be ejected from, or dispossessed of, such real estate of the wife, by virtue of any such judgment, sentence, or decree, etc.”
Upon consideration of these sections, we conclude that a leasehold is real estate, under the description of such property in the Code, section 51, being an interest in land; and that, by virtue of the other section quoted, the interest of the husband in such real estate, acquired in any mode by the wife, after or before the marriage, cannot be sold under a judgment or decree of a court, but is exempt from such sale.
As a matter of course, we do not mean to include conveyances of property* to the wife made fraudulently, to hinder and delay creditors, or to cover up lands from the reach of the creditors of the husband, who might otherwise have subjected the property to their debts.
Upon this view,.the former decree will be vacated, the decree reversed, and the bill dismissed at the cost of the complainant.